UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN LAWLOR,<br>    Plaintiff<br><br>v.<br><br>RBC BEARINGS,<br>    Defendant | CASE NO.: 3:12-cv-1463 (VLB)<br><br><br><br>February 20, 2013 |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation of the Parties, through their respective counsel, it is hereby ordered that the following shall apply to information, documents and excerpts from documents supplied by the parties to each other as initial disclosure and in response to discovery requests:

    1.    Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

    2.    Unless ordered by the court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action, in which this Order issued.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with Rule 37 of the Local Rules of the District Court for the District of Connecticut and, in the absence of a resolution, the challenging party may thereafter seek resolution by the court. Nothing in this Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel of record;

    b. RBC Bearing's in-house counsel and up to four designated individuals with a need to know;

    c. Employees of such counsel assigned to and necessary to assist in the litigation;

    d. Consultants or experts to the extent deemed necessary by counsel;

    e. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

      f.    The court or the jury at trial or as exhibits to motions.

5.    Prior to disclosing or displaying the confidential information to any person, counsel shall:

    (1)    inform the person of the confidential nature of the information or documents; and

    (2)    inform the person that this court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.    The confidential information may be displayed to and discussed with the persons identified in Paragraphs 4 (d) and (e) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the court.

7.    For the purpose of Paragraphs 4(d) and (e), any documents which become part of an official judicial proceeding or which are filed with the court are public documents, and such documents will be sealed by the court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this court. This Protective Order does not provide for the automatic sealing of such documents.

8.    At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

9.      The foregoing is entirely without prejudice to the right of any party to apply to the court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the court.

Parties and counsel are advised that a perceived need by them for a more restrictive protective order is not an excuse for failure to comply with discovery requests in a timely fashion. It is counsel's responsibility to timely move for further protection based on confidentiality, if needed. If the court has not ruled on any such motion when discovery is due, then the documents should be produced by the deadline for "attorneys' eyes" only, pending decision by the court, and counsel must send a letter advising the court of the same.

Dated 2/21/2013 at Hartford, CT

_____/s/_____
**UNITED STATES DISTRICT JUDGE**
Hon. Vanessa L. Bryant

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


SIGNED: _____   DATED: _____


Signed in the presence of:


_____
(Attorney)

STIPULATED TO:

                        **DEFENDANT,**
                        **RBC BEARINGS INCORPORATED**

By: */s/ Sarah C. Baskin*
**James F. Shea (ct 16750)**
**Sarah C. Baskin (ct 13570)**
**Jackson Lewis LLP**
**90 Statehouse Square, 8th Floor**
**Hartford, CT  06103**
**P:  (860) 522-0404**
**F:  (860) 247-1330**
**sheaj@jacksonlewis.com**
**baskins@jacksonlewis.com**

**THE PLAINTIFF,**
**KEVIN LAWLOR**

By: */s/ Lewis H. Chimes*
**Lewis H. Chimes, Esq.**
**Law Office of Lewis H. Chimes LLC**
**45 Franklin Street**
**Stamford, CT  06901**
**P: 203-324-7744**
**F: 203-969-1319**
**chimeslaw@gmail.com**

6

## CERTIFICATION OF SERVICE

I hereby certify that on February 20, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Sarah C. Baskin
Sarah C. Baskin